UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA CARPENTERS**<br>**REGIONAL COUNCIL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 04-3276-MLCF-SS** |
| **JOHN CREECH** | |

### ORDER

PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS OR ALTERNATIVELY MOTION TO STRIKE (Rec. doc. 35)

    **GRANTED IN PART AND DENIED IN PART**

PLAINTIFF'S MOTION TO COMPEL TESTIMONY ON DEFAMATION CLAIMS OR ALTERNATIVELY MOTION TO STRIKE CLAIMS OR MOTION IN LIMINE (Rec. doc. 36)

    **GRANTED IN PART AND DENIED IN PART**

    Before the undersigned are two motions filed by the plaintiff, Louisiana Carpenters Regional Council ("LCRC"), for relief against the defendant, John Creech ("Creech"). On December 1, 2004, LCRC filed a complaint against Creech, its former executive secretary, treasurer and business manager. It alleges that he spent LCRC assets for personal benefit and engaged in financial self-dealing. Rec. doc. 1. Creech filed a counterclaim which includes a claim for defamation. Rec. doc. 14.

On April 24, 2006, LCRC filed a motion to compel discovery and for sanctions. It reported that it served written discovery, but Creech did not timely respond. Rec. doc. 23. Creech did not file any opposition, and the motion was granted and Creech's objections, except as to the attorney-client privilege and work product, were waived. He was ordered to respond within ten days. The request for sanctions was denied. Rec. doc. 34. One of the categories sought was all monthly statements for checking, debit card and credit card accounts owned or controlled by Creech from January 2002 through July 2004. Creech objected to producing the information without a protective order. After a protective order was entered (Rec. doc. 30), Creech submitted an amended response. He reported that he did not retain copies of the accounts but he was attempting to obtain copies. Rec. doc. 35-1 at p. 3.

LCRC filed this motion to compel. It contends that the documents are within Creech's control and he has not complied with the order because he has not done all that he should do to obtain documents. Rec. doc. 35. Creech responds that: (1) he made an effort to obtain monthly financial statements from a bank, AmSouth, and Campus Federal Credit Union; and (2) he has been guided by his counsel's advice. He argues that it would be simpler for LCRC to issue a subpoena for the bank records. He concludes that he simply has not been able to get the records into his possession.

Fed. R. Civ. P. 34(a) requires that a party produce documents, "which are in the possession, custody or control of the party upon the request is served. . . ." As noted by LCRC, there is authority that bank statements are within the customer's control. Thomas v. Deloitte Consulting, 2004 WL 1372954, * 4 (N. D. Texas). Creech has not demonstrated what he has done to attempt to secure the

records. The court is concerned that he has been dilatory. Creech shall obtain the records within twenty-one (21) calendar days or provide LCRC with evidence that demonstrates he was denied access to the records. The request for sanctions will be denied at this time. If Creech fails to obtain the records and the court determines that his efforts to obtain the records are inadequate, sanctions will be assessed against him for LCRC's attorneys' fees and costs in pursuing the first motion to compel, this motion to compel and the motion to evaluate the adequacy of his evidence.

In its second motion, LCRC contends that Creech should be ordered to testify with regard to the allegations of defamation and slander in his counterclaim. Rec. doc. 36. Creech responds that on May 23, 2006, LCRC's counsel informed his counsel that it received a criminal inquiry regarding its allegations against Creech. Rec. doc. 53. LCRC states:

> The only "criminal proceeding" of which Plaintiff's counsel is aware, is a request for documents from the United States Department of Labor, Office of Labor Management Standards ("OLMS"), to Plaintiff related to the expenditures at issue in this case. The Plaintiff, through counsel, has produced the requested records to OLMS. OLMS is charged with investigating violations of 29 U.S.C. § 501(c). The civil case involves 29 U.S.C. § 501(a).

Rec. doc. 50 at p. 2.

On June 2, 2006, Creech was deposed and invoked his privilege against self-incrimination. LCRC's motion presents several pages of the transcript of Creech's deposition with two questions, where he was asked to identify the alleged defamatory and slanderous statements made about him and the privilege was invoked. Rec. doc. 36 at pp. 12-13. On June 7, 2006, Creech filed a motion to stay based on the OLMS investigation. On June 16, 2006, the District Judge denied Creech's motion to stay as premature. Rec. doc. 52.

LCRC contends that without Creech's testimony it is unable to prepare a defense to any allegations of defamation and slander. It requests that he be ordered to provide testimony on these allegations. If he refuses, the allegations should be struck or all evidence of defamatory allegations should be excluded. It also requests attorneys' fees. Creech contends that LCRC's motion must be denied because of the OLMS investigation. Rec. doc. 53.

LCRC's request that Creech be ordered to testify on his defamation and slander allegations raises the question of whether he properly invoked his privilege against self-incrimination. The Seventh Circuit said:

> [W]e cannot agree that a witness' constitutional privilege against self-incrimination depends upon a judge's prediction of the likelihood of prosecution. Rather, we conclude that it is only when there is but a fanciful possibility of prosecution that a claim of fifth amendment privilege is not well taken. When a witness can demonstrate any possibility of prosecution which is more than fanciful he has demonstrated a reasonable fear of prosecution sufficient to meet constitutional muster.

In re Folding Carton Antitrust Litigation, 609 F.2d 867, 871 (7th Cir. 1979)(citations omitted). See also General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973)("the court must determine whether the claimant is confronted by substantial and 'real,' and not merely trifling or imaginary hazards of incrimination."). The report by LCRC's counsel that OLMS requested documents related to the expenditures at issue in the case demonstrates that the possibility of prosecution is more than fanciful. The fact that there is no indictment and the request for a stay is premature does not alter the result. Because Creech properly invoked the privilege, he may not be compelled to answer the questions identified in LCRC's motion to compel.

If Creech refuses to testify, LCRC contends that his allegations of defamation must be struck.

LCRC is not entitled to this relief, because Creech has not been ordered to testify. In <u>Wehling v. Columbia Broadcasting System</u>, 608 F.2d 1084 (5th Cir. 1979), the court found that when a party's silence is constitutionally guaranteed, "dismissal is appropriate only where other, less burdensome, remedies would be an ineffective means of preventing unfairness to the defendant." <u>Id</u>. at 1088. The Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them. <u>Baxter v. Palmigiano</u>, 425 U.S. 308, 96 S. Ct. 1551, 1558 (1976). In connection with its motion for summary judgment, LCRC requests that the District Court draw that inference. Rec. doc. 34 at p. 12. The availability of the adverse inference is an effective means of preventing unfairness to LCRC.

In the alternative, LCRC also asserts a motion in limine to exclude any evidence by Creech in support of his allegations of defamations and slander.[1] The motion is granted to the extent that Creech attempts to offer his own testimony in support of the allegations of defamations and slander. It would be patently unfair to LCRC to permit Creech to refuse to answer the questions in his deposition and then allow him to waive the privilege and testify as to those allegations at the trial. Based on the record before this court, the motion is denied as to evidence other than his testimony. There may not be any such evidence, but if it exists Creech should not be barred from introducing it. <u>See</u> 8A Wright, Miller and Marcus, Federal Practice and Procedure §2018 (2d ed. 1994) at pp. 286-88.

LCRC's request for attorneys' fees and costs on the motion to compel testimony on the defamation claims is denied.

---

[1] These motions were referred to a Magistrate Judge. Rec. doc. 60.

IT IS ORDERED that:

1.  LCRC's motion to compel production of documents and for sanctions or alternatively motion to strike is (Rec. doc. 35) is GRANTED in PART and DENIED in PART as provided herein. Within twenty-one (21) calendar days of the entry of this order, Creech shall produce the monthly AmSouth and a Campus Federal Credit Union statements for the period specified or provide LCRC with evidence that demonstrates he was denied access to the records.

2.  LCRC's motion to compel testimony on defamation claims or alternatively motion to strike claims or motion in limine (Rec. doc. 36) is GRANTED in PART and DENIED in PART in accord with the terms of this order.

New Orleans, Louisiana, this 7th day of July, 2006.

                                                          **SALLY SHUSHAN**
                                           **United States Magistrate Judge**